EDDIE LAMAR MATTOX, A MINOR, BY HIS NEXT FRIEND, MRS. LAURA RICHARDSON MATTOX v. ALBERTA FRANCIS HUNEYCUTT

No. 6826SC411

(Filed 13 November 1968)

1. **Automobiles § 90;　Damages § 16——　instructions as to measure of damages**

In an action for personal injuries resulting from an automobile accident, the court's charge as to the measure of damages, when taken as a whole, *is held* proper.

2. **Automobiles § 90;　Damages § 16——　instructions as to use of Mortuary Tables**

In an action for personal injuries resulting from an automobile accident, the court's charge as to the use of Mortuary Tables, G.S. 8-46. *is held* to comply with the requirement of G.S. 1-180 that the court declare and explain the law arising on the evidence in the case.

APPEAL by plaintiff from *Grist, J.,* 15 April 1968 Schedule "C" Session of the Superior Court of MECKLENBURG County.

This action arose out of an automobile collision that occurred on 3 December 1966 involving a car being driven by the minor plaintiff and a car being driven by the defendant. When the case was called for trial, the defendant admitted liability and agreed with plaintiff that the only issue to be submitted to the jury would be the issue of damages. The plaintiff put on evidence which tended to show that prior to the collision, the minor plaintiff had had little or no problem with his teeth and that as a result of the accident, he had lost three teeth which required the placing of a partial denture in his mouth. The minor plaintiff testified that the partial denture has restricted his ability to bite in a normal manner. Expert testi-

mony was introduced which tended to show that the denture would have to be replaced at least once as the minor plaintiff grew older. In addition to the problem with his teeth, the minor plaintiff testified that he had a badly bruised left arm as well as some injury to his lower back. The jury returned a verdict of five hundred dollars. The plaintiff moved to set the verdict aside and for a new trial on the grounds that the damages awarded were inadequate. This motion was overruled and judgment was entered in accordance with the verdict. From this judgment, plaintiff appealed to the Court of Appeals.

*Warren C. Stack and James L. Cole for plaintiff appellant.*

*Carpenter, Webb & Golding by Fred C. Meekins for defendant appellee.*

MALLARD, C.J.

The only assignments of error brought forward by plaintiff and discussed in his brief relate to the charge of the court.

"The purposes of the court's charge to the jury are the clarification of the issues, the elimination of extraneous matters, and the declaration and explanation of the law arising on the evidence in the case. . . . It is the duty of the court to charge the law applicable to the substantive features of the case arising on the evidence, without special request, and to apply the law to the various factual situations presented by the conflicting evidence. . . . It is not essential that the court charge the jury as to the law in connection with each contention of the parties; the better practice is for the court to give (1) a summary of the evidence, (2) the contentions of the parties, and (3) an explanation of the law arising on the evidence." 7 Strong, N. C. Index 2d, Trial, § 32, pp. 322, 323.

The question presented on this appeal is whether the trial judge charged in accordance with the above stated principles.

[1] The court's charge with respect to the measure of damages, when taken as a whole, appears to be in conformity with the decisions of the Supreme Court of North Carolina.

[2] One other question raised by the plaintiff relates to the charge of the trial court relative to the use of the Mortuary Tables (G.S. 8-46) introduced into evidence. The plaintiff admits that there does not appear to be error in the charge of the judge relating to G.S. 8-46 and states that it is correct. However, the plaintiff asserts

that the manner in which this portion of the charge was given "either encouraged or permitted the jury to depreciate the plaintiff's claim," and as a result prejudicial error is present. G.S. 1-180 requires the judge to "declare and explain the law arising on the evidence given in the case." In the instant case, we think the judge has properly done this. If the plaintiff had wished further instructions relating to any other features of the case, plaintiff should have requested them. *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 754; *Freight Lines v. Burlington Mills and Brooks v. Burlington Mills*, 246 N.C. 143, 97 S.E. 2d 850.

We have carefully considered the charge in its entirety and are of the opinion that there is no prejudicial error therein.

The jury found from the facts presented what they thought to be fair damages to be awarded to plaintiff. This court will not substitute its judgment for that of the triers of the facts. The judgment of the trial court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.